## CIRCUIT COURT OF THE CITY OF ROANOKE

Dennis Lee Harris

    v.

The Fishing Hole, Inc., et al.

June 6, 1990

Case No. CL89-167

By JUDGE CLIFFORD R. WECKSTEIN

Teleflex, Inc., and Thomas W. Humphries, II, are two of the defendants in this suit for personal injuries. The action arises out of a boating accident which occurred on May 30, 1987. Plaintiff was a passenger in the boat, which he owned; Humphries was the alleged operator of the boat; and Teleflex allegedly manufactured components of the boat. (Teleflex also is a defendant in two other cases pending in this Court, arising out of the same accident. Humphries is a defendant in one of those suits, and the plaintiff in the other.)

On February 27, 1990, Teleflex requested that a subpoena be issued to Nationwide Insurance Company seeking:

> Your complete file regarding the investigation and adjustment of an accident which occurred on or about May 30, 1987, involving a 1987 Strator 198V Pleasure Boat which Nationwide insured which caused property damage to the Hanretta dock. This request includes, but is not limited to, any and all photographs, interview transcriptions, notes of interviews, any other notes, appraisals, estimates, and any and all other documents or things contained in your file.

On March 14, 1990, Humphries, as Nationwide's insured, filed a motion to quash the subpoena on the grounds that the insurance investigation file was prepared in anticipation of litigation and is protected from discovery by Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia.

Upon consideration of the arguments of counsel and authorities cited, the Court sustains the motion to quash the subpoena. In so doing, I adopt the reasoning and follow the authorities set forth in Humphries' memoranda.

Teleflex's Request for Production, as drawn, is overbroad. Based upon the submissions of counsel, the Court finds that Teleflex seeks material protected by the "work product doctrine," first enunciated in *Hickman v. Taylor*, 329 U.S. 495 (1947), and later embodied in both the Federal Rules of Civil Procedure and Rules of the Supreme Court of Virginia. Teleflex has not made a showing that it "has substantial need of the materials in the preparation of [its] case and that [it] is unable without hardship to obtain the substantial equivalent of the materials by other means." Rule 4:1(b)(3).

Teleflex, in its memorandum, has suggested that the Court order production of Nationwide's file, *in camera*. In effect, Teleflex has invited the Court to determine what it needs and ought to have and to order the production of those documents with appropriate safeguards for "mental impressions, conclusions, opinions, or legal theories." *Id*. I decline this invitation.

It is not the duty of the Court to rewrite a party's discovery request in order to make the request an appropriate one. Humphries, in his memoranda of law, has disclosed the categories of materials contained in the Nationwide file. Teleflex may, if it desires, file supplemental discovery requests, narrowly drawn, with an eye toward obtaining material that Teleflex must have and cannot otherwise obtain. In the event that objection is made to those requests, I will further consider the matter.